# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 02-13804(PJW) |
| COMMANDER AIRCRAFT COMPANY, | Chapter 7 |
| Debtor. | Docket Reference: 407 |

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2002, 6004 AND 9014 (i) AUTHORIZING AND APPROVING A PURCHASE AND SALE AGREEMENT BETWEEN THE TRUSTEE AND COMMANDER PREMIER AIRCRAFT CORPORATION; (ii) AUTHORIZING THE TRUSTEE TO TAKE ALL ACTIONS NECESSARY TO CLOSE SAID PURCHASE AND SALE AGREEMENT; AND (iii) AUTHORIZING THE SALE OF ASSETS AND THE TRANSFER THEREOF TO SAID PURCHASER FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Upon the motion (the "**Motion**") of Alfred T. Giuliano, Chapter 7 trustee (the "**Trustee**") of Commander Aircraft Company, the above captioned debtor (the "**Debtor**"), for entry of an order pursuant to sections 105(a) and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "**Bankruptcy Code**"), (a) authorizing and approving a Asset Purchase Agreement (the "**APA**") between the Trustee and Commander Premier Aircraft Corporation or its designee ("**CPAC**"); (b) authorizing the sale (the "**Sale**") of substantially all of the Debtor's assets to CPAC; and on June 20, 2005, the Court having signed an Order Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P.2002, 6004, 6006 And 9014 (A) Approving Bid Procedures, (B) Approving the Form and Manner of Notice of (i) Bid Procedures Hearing and (ii) Auction and Sale Hearing; (C) Scheduling Sale Hearing and (D) Authorizing and Approving Sale of Substantially All of the Estate's Assets Free and Clear of Liens, Claims and Encumbrances (the "Bid Procedures Order"); and the Court having considered the Motion and the APA[1]; and the Court having reviewed the pleadings and exhibits filed in this

---
[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the APA.

matter; and upon the record of the hearing on the Motion held on June 27, 2005 (the "**Sale Hearing**"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

## FOUND AND DETERMINED THAT:[2]

A. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004 and 9014.

C. As evidenced by the affidavits or certificates of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion and the Sale, and the notice of the Debtor's intent to seek entry of this Sale Order and the Notice of Sale of Assets, were provided in accordance with sections 105(a), 363 and 365, Fed. R. Bankr. P. 2002, 6004 and 9014, and the Bid Procedures Order; (ii) such notice was good and sufficient, and appropriate under the particular circumstances; and (iii) no other or further notice is or shall be required.

D. The Trustee has (i) the full requisite power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized; and (ii) all requisite power and authority necessary to consummate the transactions contemplated by the APA.

E. The Acquired Assets have been fully and properly disclosed in these proceedings to the Trustee and all other parties in interest.

F. Approval of the APA and consummation of the Sale at this time is in the best interest of the Debtor, its creditors, its estate, and other parties in interest.

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

G. No person or entity presented itself to the Court or to the Trustee as both willing and able to pay at least as much consideration as CPAC for the Acquired Assets on terms as favorable as proposed by CPAC.

H. The Trustee received a bid from North American Aircraft, LLC ("NAA") which bid did not meet the requirements of a Qualified Bid under the Bid Procedures with regard to, *inter alia*, the amount of the bid or lack of financing contingencies. The Trustee has moved for approval of the acceptance of the NAA bid as a secondary backup bid in the event that (a) CPAC fails to complete closing under the APA on or before the close of business on June 29, 2005, and (b) if CPAC secures a 60 day extension of the right of the Trustee to occupy certain leased premises by paying to the landlord, The Servicenter, Inc., the sum of $30,000 on or before the close of business on June 29, 2005, CPAC fails to complete closing on or before the close of business on June 30, 2005 (CPAC and NAA hereinafter referred to jointly as "Purchaser").

I. No person has objected to the Sale, except for the objection by the United States Department of Labor which Objection has been resolved through certain language set forth in paragraph 10, below.

J. If a proposed sale is not promptly consummated, the Debtor's estate will in all likelihood realize substantially less money for the Acquired Assets.

K. The Trustee has demonstrated good, sufficient, and sound business purpose and justification for the Sale pursuant to section 363(b) of the Bankruptcy Code.

L. The terms and conditions set forth in the APA, and the transfer to the Purchaser of the Acquired Assets pursuant thereto represent a fair and reasonable purchase price and constitute the highest and best offer obtainable for the Acquired Assets.

M. The Purchaser is a third-party purchaser, unrelated to the Debtor.

N. Each of the APA and the bid of NAA was negotiated, proposed and entered into by the Trustee and with the party thereto without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee, CPAC nor NAA have engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the

3

Bankruptcy Code. The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of section 363(m) in closing the transactions contemplated by the APA or the NAA bid at all times after the entry of this Sale Order.

O. The consideration provided by the Purchaser for the Acquired Assets (i) is fair and reasonable; (ii) is the highest and best offer for the Acquired Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

P. All applicable requirements of sections 105(a) and 363 of the Bankruptcy Code have been satisfied for the transfer of the Acquired Assets described in the APA free and clear of any and all known and unknown, prepetition and post-petition liens, claims, interests, encumbrances, mortgages, security interests, mechanic's liens, tax liens, conditional sale, financing lease or other title retention agreements, pledges, judgments, demands, charges, defects, options, levies, assessments, defenses, setoffs, title retention, contracts, leases, subleases, commitments, options to purchase, rights of first refusal, obligations, liabilities, lawsuits, environmental liability, any successor liability (based upon any theory of successor liability), any vicarious liability (based upon any theory of vicarious liability), *de facto* merger or substantial continuity (whether based in law or equity), employee benefit obligations (including, without limitation, ERISA and WARN Act), restrictions of all kinds and any other encumbrances (collectively, the **"Claims and Interests"**), except for specific enumerated obligations explicitly set forth in the APA; *provided, however*, that all Claims and Interests shall attach to the proceeds of the Sale of the Acquired Assets.

Q. The Purchaser would not have entered into the APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its

4

estate, and creditors, if the sale of the Acquired Assets was not free and clear of all Claims and Interests, or if the Purchaser would, or in the future could, be liable for any of the Claims and Interests, except for specific enumerated obligations explicitly set forth in the APA.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

### General Provisions

1. The Motion is granted, as further described herein.

2. All objections to the relief requested herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein (except those, if any, which may be specifically set forth in this Sale Order), hereby are overruled on the merits.

### Approval of the Asset Purchase Agreement and Authority to Consummate the Asset Purchase Agreement

3. The APA attached as Exhibit "A" to the Motion and all of the terms and conditions contained therein are hereby approved in all respects except as modified by the Bid Procedures Order.

4. The Trustee is authorized and directed to consummate, and to give all necessary consents for the Debtor to consummate, the Sale of the Acquired Assets pursuant to and in accordance with the terms and conditions of the APA.

5. In the event that (a) CPAC fails to complete closing under the APA on or before the close of business on July 29, 2005, and (b) if CPAC secures a 60 day extension of the right of the Trustee to occupy certain leased premises by paying to the landlord, The Servicenter, Inc., the sum of $30,000 on or before the close of business on June 29, 2005, CPAC fails to complete closing on or before the close of business on June 30, 2005, the Trustee is authorized to consummate the sale of the Acquired Assets to NAA in accordance with the terms of its bid. The closing date deadlines set forth in this Order and the APA shall be extended in the event that

5

any stay of this Order or injunction against closing is entered until the close of business on the third business day after the dismissal, lifting or dissolution of the stay or injunction.

6.  In the event of a sale to NAA, NAA shall be entitled to all of the protections of this Order to the same extent as are set forth in favor of CPAC. Upon the closing of a sale under the APA to CPAC, the Trustee shall have no further obligation to NAA other than the return of its deposit.

7.  The Trustee is authorized and directed to execute and deliver, perform under, consummate and implement the agreements, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the agreements, and to take all further actions, before or after the closing, as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring the Acquired Assets to the Purchaser or as may be necessary or appropriate to the performance of the Trustee or Seller's obligations as contemplated by the APA, or in the event of a sale to NAA, as contemplated by the terms of its bid.

## Transfer of the Assets

8.  Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and except for specific enumerated obligations explicitly set forth in the APA, the Acquired Assets shall be transferred to the Purchaser, and as of the Closing Date, the Acquired Assets shall be free and clear of all Claims and Interests, with all such Claims and Interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets, subject to any claims and defenses the Debtor or the Trustee may possess with respect thereto.

9.  The transfer of the Acquired Assets pursuant to the APA constitutes a legal, valid, and effective transfer of the Acquired Assets, and, as of the Closing, shall vest the Purchaser with all right, title, and interest of the Debtor and the Trustee in and to the Acquired Assets free and clear of Claims and Interests. Except as expressly permitted or otherwise

specifically provided by the APA or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Claims and Interests against the Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to, the Debtor, the Acquired Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Acquired Assets to the Purchaser, are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser and or its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Claims and Interests.

10. Notwithstanding any other provisions of this Order or the APA, unless the United States Department of Labor shall otherwise agree in writing with the Trustee prior to the closing under the APA, the Acquired Assets to be purchased by the Purchaser shall specifically exclude airplane, serial number 20045, which shall remain subject to a certain Consent Judgment entered in litigation captioned Chao v. Commander Aircraft Company, United States District Court for the Western District of Oklahoma, Civil Action No. 02-1651L, as modified, with respect to airplane serial number 20045.

### Additional Provisions

11. The consideration provided by the Purchaser for the Acquired Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

12. This Sale Order shall be (i) effective as a determination that, on the Closing Date, all Claims and Interests existing as to the Acquired Assets prior to the Closing Date, have been unconditionally released, discharged and terminated, except for specific enumerated obligations explicitly set forth in the APA, and that the conveyances described herein have been effected, and (ii) binding upon and shall govern the acts of all entities including

without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets.

13. The Trustee shall have the right, at the Trustee's election, to satisfy at closing the unsecured Chapter 7 administrative claim and the secured claim of Nyltiak Investments, LLC.

14. Following the Closing Date, no holder of a Claim and Interest in the Debtor or the Acquired Assets shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to such Claim and Interest.

15. On the Closing Date, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their Claims and Interests in the Acquired Assets, if any, as such Claims and Interests may have been recorded or may otherwise exist.

16. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Claims and Interests in the Debtor or the Acquired Assets shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Claims and Interests which the person or entity has with respect to the Debtor or the Acquired Assets or otherwise, then the Trustee is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets.

17. The Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests in the Acquired Assets of

any kind or nature whatsoever, except for specific enumerated obligations explicitly set forth in the APA.

18. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

19. The Purchaser shall not have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Acquired Assets, except for specific enumerated obligations explicitly set forth in the APA. In addition, the transfer of the Acquired Assets shall not subject the Purchaser to any liability with respect to the operation of the Debtor's business prior to the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable subordination or successor or transferee liability.

20. This Court retains jurisdiction to enforce and implement the terms and provisions of the APA and all amendments thereto, any waivers and consents thereunder, and of each of the documents executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (i) interpret, implement and enforce the terms and provisions of this Sale Order and the terms of the agreements, all amendments thereto and any waivers and consents thereunder and any agreements executed in connection therewith, (ii) protect the Purchaser against any Claims and Interests in the Debtor or the Acquired Assets, (iii) adjudicate any and all issues and/or disputes, if any, relating to the Debtor's, the Trustee's and the Purchaser's right, title and interest to the Acquired Assets, and any alleged Claims and Interests in the Acquired Assets, and (iv) re-open this case to enforce the provisions of this Sale Order.

21. The transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such

authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Acquired Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

22. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estates, and its creditors, the Trustee, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Claims and Interests in the Acquired Assets, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

23. The failure specifically to include any particular provisions of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety, and incorporated fully herein.

24. The APA and related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

25. In the event of any inconsistency between the terms of the APA (or any other document) and this Order, the terms of this Order shall govern.

26. As provided by Fed. R. Bankr. P. 6004(g), this Sale Order shall not be stayed for 10 days after its entry and shall be effective and enforceable immediately upon entry.

27. In the event that the bid received from NAA becomes operative, then the terms and provisions of this Order shall be subject to amendment through negotiation between the Trustee and NAA.

28. The provisions of this Sale Order are nonseverable and mutually dependent.

Dated: Wilmington, Delaware
June 27, 2005

_____
Honorable Peter J Walsh
UNITED STATES BANKRUPTCY JUDGE

1478537v5

11